284 A.2d 69.

COLONIAL HILTON INNS OF NEW ENGLAND, INC. *vs.* JOHN L. REGO *et al.*

NOVEMBER 26, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

260

PAOLINO, J.  The petitioner filed an application,[1] dated

---

[1]The application was filed pursuant to the provisions of G. L. 1956, §46-6-2, as amended.  The 1970 reenactment substituted "department of natural resources" for "department of public works" and "director of natural resources" for "director of public works" because of the transfer of powers. *See* §§42-17.1-2, 42-17.1-3.  Section 46-6-2 now reads as follows:

"Approval of plans for construction of wharves and piers.—All persons who shall build into or over public tidewaters, by authority of said department or by authority of the general assembly, any wharf, pier, bridge or other structure, or drive any piles into the land under public tidewater, or fill any flats, shall, before beginning such work, give written notice to the department of natural resources of the work they intend to do, and submit plans of any proposed wharf or other structure and of the flats to be filled, and of the mode in which the work is to be performed; and no such work shall be

December 11, 1969, with the Department of Natural Resources and the Division of Harbors and Rivers of the State of Rhode Island, for permission to perform certain work in accordance with the plans attached to its application. The proposed work consisted of the building of a wharf or bulkhead, approximately three acres in area, within the established harbor line and the filling of a certain area extending channelward from the mean high-water line and boundary of petitioner's land at Narragansett Boulevard in the city of Cranston for the purpose of providing an additional parking area for its inn.

The petitioner requested a formal hearing on its application. After giving notice to certain neighboring property owners and others, the Director of the Department of Natural Resources and the Chief of the Division of Harbors and Rivers held a hearing. After hearing testimony for and against the application, the Director of the Department of Natural Resources filed a written decision denying the application.

The petitioner then filed a motion for leave to file a petition for a writ of certiorari to review the director's decision. The respondents filed a memorandum in opposition to such motion on the grounds that petitioner had not exhausted all of its remedies at law and that the proper remedy was an appeal to the Superior Court under §42-35-15 of the Administrative Procedures Act. We granted petitioner's motion without prejudice to respondents' right to raise the jurisdictional issue at the hearing on the mer-

commenced until the plan and mode of performing the same shall be approved in writing by the director of natural resources; and said director may alter the said plans at his discretion and may prescribe the direction, limits and mode of building the wharves or other structures; provided, that nothing herein contained shall be construed to impair the rights of any riparian proprietors to erect wharves authorized to be erected under any of the laws establishing harbor lines within the state, or otherwise by the general assembly."

its before this court. *See Colonial Hilton Inns of New England, Inc.* v. *Rego,* 108 R. I. 917, 274 A.2d 166 (1971).

The threshold question here is the jurisdictional issue raised by respondents' contention, which we believe is correct, that certiorari should not lie because petitioner had a plain and adequate remedy under the Administrative Procedures Act. Section 42-35-15(a) of the Act provides for judicial review in the Superior Court of decisions of nonexempted administrative agencies. This section provides:

> "Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter."

The method of review provided in §42-35-15(a) is ordinarily the method for obtaining judicial review of decisions and orders, after exhausting all administrative remedies, unless the agency is one which is expressly exempted from the provisions of the Administrative Procedures Act or the circumstances are of such a peculiar nature as to warrant review by this court. *Rhode Island Consumers' Council* v. *Public Utilities Commission,* 107 R. I. 284, 267 A.2d 404 (1970); *New England Telephone & Telegraph Co.* v. *Fascio,* 105 R. I. 711, 254 A.2d 758 (1969); *Pelletier* v. *Williamson,* 105 R. I. 633, 254 A.2d 90 (1969); *King* v. *Williamson,* 103 R. I. 640, 240 A.2d 408 (1968); *Yellow Cab Co.* v. *Public Utility Hearing Board,* 101 R. I. 296, 222 A.2d 361 (1966). The respondent agencies are not exempted from the Act; nor are we persuaded that the circumstances of this case are of such a peculiar nature as to warrant a departure from the procedure provided in §42-35-15(a).

There is no merit to petitioner's argument that this proceeding is not a contested case within the meaning of §42-35-1(b) because §46-6-2, the statute under which the pe-

titioner filed its application for relief, contains no specific provision requiring the Department of Natural Resources to give any notice or to hold any hearing in connection with any application filed pursuant thereto. A contested case under §42-35-1(b) is one where

"* * * the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing."

This proceeding is a "contested case" within the meaning of §42-35-1(b), even though §46-6-2 does not expressly provide for a hearing. The applicant here is a "specific party" whose "rights, duties, or privileges" are to be determined. Up to the time of the enactment of the Administrative Procedures Act a proceeding such as this was governed solely by the provisions of §46-6-2, which had no requirement for notice and hearing and left the protection of the public interest up to the Director of Public Works (now the Director of the Department of Natural Resources). The Administrative Procedures Act was enacted in 1962 and became effective on January 1, 1964. As the court indicated in *New England Telephone & Telegraph Co.* v. *Fascio, supra,* at 716-17, 254 A.2d at 761, the underlying theory of the Administrative Procedures Act was:

"* * * to relieve the confusion that inhered in the administrative practice in this state by providing a uniform system of procedures and standards to regulate action within the agency affected and at the same time to uniformly regulate the scope of judicial review of agency action. It is our conclusion then that, in enacting §42-35-15 (a), the legislature intended to provide a single and exclusive method of obtaining judicial review of agency decisions, excepting only the decisions of such agencies as are specifically exempted from the provisions of the administrative procedures act."

After January 1, 1964, the provisions of the Act applied

and notice and hearing were required in accordance with §42-35-9 which reads as follows:

"Contested cases — Notice — Hearing — Records.—

"(a) In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.

"(b) The notice shall include:
(1) a statement of the time, place, and nature of the hearing;
(2) a statement of the legal authority and jurisdiction under which the hearing is to be held;
(3) a reference to the particular sections of the statutes and rules involved;
(4) a short and plain statement of the matters inserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved and detailed statement shall be furnished.

"(c) Opportunity shall be afforded all parties to respond and present evidence and argument on all issues involved.

"(d) Unless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, consent order, or default.

"(e) The record in a contested case shall include:
(1) all pleadings, motions, intermediate rulings;
(2) evidence received or considered;
(3) a statement of matters officially noticed;
(4) questions and offers of proof and rulings thereon;
(5) proposed findings and exceptions;
(6) any decision, opinion, or report by the officer presiding at the hearing;
(7) all staff memoranda or data submitted to the hearing officer or members of the agency in connection with their consideration of the case.

"(f) Oral proceedings or any part thereof shall be transcribed on request of any party.

"(g) Findings of fact shall be based exclusively on the evidence and matters officially noticed."

Since this case is governed by the Administrative Procedures Act, the petitioner's appeal should have been to the Superior Court.

In our view we do not reach the petitioner's argument concerning the director's failure to include in his decision "findings of fact and conclusions of law, separately stated" as required by §42-35-12. Nor do we reach the merits of the petitioner's claim that the director erred in denying its application.

For the reasons stated we now conclude that the writ of certiorari was improvidently issued and therefore should be quashed.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified are ordered returned to the respondents with our decision endorsed thereon.

*William E. Parmenter, Jr., Milton G. Johnson,* for petitioner.

*Richard J. Israel,* Attorney General, *Alexander G. Teitz,* Special Asst. Attorney General, for respondents.