**PROPERTY ADVISORY GROUP, INC., et al.**

v.

**Michael RYLANT, in his capacity as Acting Executive Director of the Rhode Island Housing and Mortgage Finance Corporation.**

No. 93–447–M.P.

Supreme Court of Rhode Island.

Jan. 21, 1994.

---

William Mark Russo, Adler Pollock & Sheehan, Providence, for plaintiff.

Steven Richard and Peter J. McGinn, Tillinghast, Collins & Graham, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court on December 21, 1993, pursuant to an order directing that this matter be heard in oral argument on the show-cause calendar. In this case the defendant, Michael Rylant, the acting executive director of the Rhode Island Housing and Mortgage Finance Corporation (RIHMFC), had appealed from an order of the Superior Court remanding seventeen complaints filed in that court to RIHMFC for hearings in accordance with the Administrative Procedures Act (APA),

G.L.1956 (1993 Reenactment) §§ 42–35–9, 42–35–12, and 42–35–15. RIHMFC had responded to these complaints in Superior Court by filing motions to dismiss, arguing that procedural compliance with the Administrative Procedures Act was not required in these cases.

■ The issue involved here is whether defendant RIHMFC's review of an application for financing constitutes a contested case subject to the procedural requirements set forth in the APA.

Pursuant to § 42–35–15, an agency must comply with the procedural requirements set forth in §§ 42–35–9 and 42–35–12 of the APA only if the matter before the agency involves a contested case. The term "contested case" is defined in § 42–35–1(c) as

"a proceeding, including but not restricted to ratemaking, price fixing, and licensing, in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing."

■ As the statutory definition provides, a hearing must be required by law in order for an administrative matter to constitute a contested case. *See Barrington School Committee v. Rhode Island State Labor Relations Board,* 608 A.2d 1126, 1131 (R.I.1992); *Lynch v. Gontarz,* 120 R.I. 149, 155, 386 A.2d 184, 187 (1978); *Providence Gas Co. v. Burke,* 119 R.I. 487, 502, 380 A.2d 1334, 1342 (1977); *Newport National Bank v. Providence Institution for Savings,* 101 R.I. 614, 619–20, 226 A.2d 137, 141 (1967).

Given the clear absence here of a contested case, the Superior Court erred in ruling that review by RIHMFC of plaintiffs' applications must be remanded for further proceedings in compliance with §§ 42–35–9 and 42–35–12 of the APA. The court is also of the opinion that the case of *Colonial Hilton Inns of New England, Inc. v. Rego,* 109 R.I. 259, 284 A.2d 69 (1971), is not applicable.

For these reasons the defendant's appeal is sustained, the order appealed from is re-

versed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, Acting C.J., did not participate.