DECISION
The matter before the Court is an. appeal by George I. Kirk, Jr., (appellant) from a decision of the Honorable Albert B. DeRobbio, Chief Judge of the Rhode Island District Court (the Chief Judge). The appellant seeks reversal of the Chief Judge's Order revoking his constable license.
 FACTS/TRAVEL
On September 17, 1998 and also on October 1, 1998, the Constables Disciplinary Board (Board) received complaints against appellant, who was then working as a constable authorized to serve Superior Court process.[1] The Board forwarded copies of the complaints to appellant and a hearing was held before the Board on October 13, 1998.
After listening to the testimony presented and reviewing the evidence submitted, the Board found that appellant had violated Rule 11 of the District Court Rules and Regulations Relating to the Licensing, Duties, and Conduct of District Court Constables.[2]
(District Court Rules). Accordingly, the Board submitted a recommendation to the Chief Judge that appellant's constable license should be revoked. In an Order entered on October 16, 1998, the Chief Judge accepted the Board's findings and revoked appellant's license.
Subsequently, on November 9, 1998, the appellant filed a complaint in the nature of a petition for review of agency decision under the Administrative Procedures Act (APA).[3] On April 3, 2000, this Court granted the appellant leave to file an amended complaint. The amended complaint contains a 42 U.S.C. § 1983 action and a request for declaratory relief, in addition to the original request for review under the APA. However, for purposes of this decision, the Court shall only review the agency appeal, which has already been argued before this Court.
 Judicial Review under G.L. 1956 § 42-35-15
Initially, the Court observes that "[s]ubject matter jurisdiction is an indispensable ingredient of any judicial proceeding, and the absence thereof can be raised. . . by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties." Warwick School Committee v. Warwick Teachers' Union,613 A.2d 1273, 1276 (R.I. 1992). The superior court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law. See G.L. 1956 § 8-2-17.
Rhode Island General Laws 1956 § 42-35-15 (a) provides that "[a]ny person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review." The method of review is "ordinarily the method for obtaining judicial review of decisions and orders, after exhausting all administrative remedies, unless the agency is one which is expressly exempted from the provisions of [the APA] or the circumstances are of such a peculiar nature as to warrant review by the [S]upreme [C]ourt." Colonial Hilton Inns of NewEngland, Inc. v. Rego, 109 R.I. 259, 284 A.2d 69 (1971).
According to G.L. 1956 § 42-35-1, an "agency "includes each state board, commission, department, or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases . . . ." The APA describes an agency as a governmental entity. apart from judicial or legislative branches, created by statute, executive order or Constitution, capable of affecting rights of private parties either through adjudication or rulemaking. See Petition of Rhode Island Bar Association,374 A.2d 802 (R.I. 1977).
Based on this definition of "agency" that expressly excludes "the legislature or the courts" from its scope, this Court lacks the proper subject matter jurisdiction to review the instant appeal under the APA. Although the Chief Judge exercised his administrative duties when he revoked appellant's constable license, this act does not transform the Chief Judge into an "agency" subjecting said decision to the provisions of the APA. In fact, the Chief Judge has authority to revoke a constable's license pursuant to Rhode Island General Laws 1956 § 8-8-12 which provides in pertinent part:
 "[t]he chief judge shall be the administrative head of the district court and shall be responsible for its operation and the efficient use of its manpower. To this end he or she shall . . . promulgate rules and regulations relating to. . . [t]he licensing of constables to serve certain district court civil process . . . and . . . the duties and conduct of licensed constables...
According to Rule 8 of the District Court Rules and Regulations Relating to the Licensing, Duties, and Conduct of District Court Constables, "[t]he license of any constable may be revoked at any time by the Chief Judge, in his sole discretion." Since the Chief Judge was acting as the representative of the District Court and the courts are expressly exempted from the provisions of the APA, this Court may not review the instant appeal for lack of subject matter jurisdiction. Accordingly, the appropriate method of review is by the Supreme Court. See Colonial Hilton Inns of New England, Inc. v. Rego,109 R.I. 259, 284 A.2d 69.
Counsel shall prepare and submit an appropriate order for entry in accordance herewith.
[1] "In order for a constable to be authorized to serve Superior Court process, they must first be licensed by the District Court and serve District Court process for a minimum of one year. See G.L. 1956 § 45-16-4.4. Accordingly, although the appellant was serving Superior Court process at the time of the alleged incident, he was still a constable licensed by the District Court and was therefore bound by the District Court Rules.
[2] Rule 11 of the District Court Rules provides that "No constable shall wear any firearm while performing the duties of a constable."
[3] The appellant filed another complaint on November 19, 1998, the language of which was identical to the complaint of November 9, 1998.