DECISION
Before this Court is the petition of Interstate Navigation Company d/b/a The Block Island Ferry and Prudence Ferry Company, Inc. ("appellants" or "ferries") for judicial review of a final order of the Division of Public Utilities and Carriers of the State of Rhode Island ("respondent" or "Division") pursuant to the Administrative Procedures Act ("APA"), G.L. (1956) § 45-35-15. Respondent moves to dismiss appellants' complaint under § 45-35-15 for lack of subject matter jurisdiction or to require respondent to modify its pleadings to request a declaratory judgment under G.L. (1956) § 45-35-7.
 Facts and Travel 
On May 31, 2001, a bill was introduced in the Senate called, "An Act Relating to Public Utilities and Carriers — Taxicabs and Limited Public Motor Vehicles." This first version of the legislation was later amended to include the tow truck and ferry boat industries. The bill, which became law without the Governor's signature on July 31, 2001, states:
 "On or before September 1, 2001, the administrator shall implement a diesel price emergency surcharge program whereby a person licensed under R.I.G.L. § 39-3-3, 39-3-3.1, or 39-3-4 to perform as a `common carrier of persons and/or property upon water between termini within this state' shall be permitted to impose and collect a surcharge, not to exceed fifty cents ($.50) for each passenger and vehicle carried, during periods when it is determined that the average price of diesel fuel in this state exceeds one dollar and twenty cents ($1.20) per gallon."
See An Act Relating to Public Utilities and Carriers — Taxicabs and Limited Public Motor Vehicles, 2001 Rhode Island Laws Ch. 01-307 (01-S 978) (West 2001) ("the Act").
On August 3, 2001, in response to this directive by the legislature, the Division published notice of a public hearing to take place on August 23, 2001. Appellants and their representatives were present at the hearing and offered comments and made their own proposal for an emergency surcharge program to be implemented by the Division. The Hearing Officer issued her decision entitled, Report and Order No. 16701, on August 30, 2001, which gave the details of the Division's plan to implement the Legislature's mandate for an emergency surcharge program.
Appellants filed an administrative appeal with this Court on September 27, 2001. In its appeal, appellants allege that the program adopted by the Division is not viable and runs counter to the Legislature's mandated purpose for the emergency surcharge program. Furthermore, appellants argue that the Division's interpretation of the program amounts to the illegal rewriting of a legislative statute. Under § 45-35-15, which allows judicial review of contested cases, appellants request that this Court reverse the program adopted by the Division and order the implementation of the program proposed by the appellants. The Division counters that this Court does not have subject matter jurisdiction under § 45-35-15 to hear appellants' complaints because the controversy does not involve a contested case. Furthermore, the Division argues that because all administrative remedies have not been exhausted, as required in order for a court to hear an administrative appeal pursuant to § 45-35-15, judicial review of an agency action is not appropriate. Finally, the Division argues that the hearing and the promulgation of the program constituted rulemaking and, as such, the proper legal challenge should be a request for a declaratory judgment under G.L. 1956 § 45-35-7.
 Standard of Review 
A threshold issue is whether the Division's action in implementing the Legislature's mandate constituted a rulemaking. The Rhode Island Supreme Court has held that "administrative rules are divided into two classifications: legislative rules and interpretive rules." Allard v.Dep't of Transp., 609 A.2d 930, 933 (R.I. 1992) (quoting Great AmericanNursing Centers, Inc. v. Norberg, 567 A.2d 354, 356 (R.I. 1989)). "Interpretive rules are not specifically authorized by a legislative enactment; rather they are promulgated for the purposes of guidance and definition." Id. (quoting Norberg, 567 A.2d at 356-57). The distinction is significant because "an administrative regulation that is characterized as a legislative rule has the force and effect of law."Id. (quoting Norberg, 567 A.2d at 357).
The Division argues that because the Administrator was directed to "implement" the emergency surcharge program, he was directed to engage in rulemaking. (Respondent's Brief at 6.) The appellants contend that this was not rulemaking, but even if the Division were making rules, it failed to comply with the procedures as detailed in the APA and thus, the emergency surcharge program as promulgated is null and void.
The term "implement" as it was utilized in the legislation was also similarly used in the definition of a "rule" in the APA. A rule, as defined in § 42-35-1(h), "means each agency statement of general applicability that implements, interprets, or prescribes law or policy . . . ." (Emphasis added.) Furthermore, the emergency surcharge program, as written by the Division, was "a statement of general applicability" to the entire ferry industry; it was not specific to the appellants.[1]
Because universal implementation of a law of general applicability to the ferry industry was precisely what was called for by the Legislature, this Court finds that the Legislature intended the Director to engage in legislative rulemaking to promulgate the regulations.
The appellants further urge that because the program was delivered in the form of an order, which they argue is a final agency action, G.L. § 42-35-15 controls this Court's review of the Division's program. The Division argues that because this is not a contested case, the Superior Court lacks jurisdiction to hear an administrative complaint brought under that section. The Division contends that the appellants must seek a declaratory judgment from this Court pursuant to § 42-35-7.
"Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review" under G.L. 1956 §42-35-15(a)). See Bradford Assocs. v. Rhode Island Div. of Purchases,772 A.2d 485, 489 (R.I. 2001). Thus, in order to have jurisdiction to hear an appeal under § 42-35-15, this Court must find that the appellants' complaint concerns a final order in a contested case in which they have exhausted all administrative remedies.
A contested case is defined as "a proceeding, including but not restricted to ratemaking, price fixing, and licensing, in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing." G.L. §42-35-1(c). The Rhode Island Supreme Court has held that "[a] hearing must be required by law in order for an administrative matter to constitute a contested case." Property Advisory Group, Inc. v. Rylant,636 A.2d 317, 318 (R.I. 1994).
This Court found that the Division made rules when it promulgated the emergency surcharge program. G.L. § 42-35-3(a)(2) notes an "opportunity for oral hearing . . . if requested by twenty-five (25) persons, or by a governmental subdivision or agency or by an association having not less than twenty-five (25) members." Thus, a hearing on the subject matter of a rulemaking is not guaranteed by statute, but granted only upon request of not fewer than twenty-five people. Further, the Rhode Island Supreme Court has found in the context of a rulemaking that if "no hearing was requested, none was required under § 42-35-3(a)(2)."State v. Lombardi, 110 R.I. 776, 781 (1972). Because a hearing in this administrative matter was not required, this cannot be considered a contested case. Therefore, the judicial review of contested agency cases allowed in G.L. § 42-35-15 of the APA is not applicable to the instant appeal of the Division's rulemaking, "and any exercise of jurisdiction predicated on this section by the Superior Court is invalid." Bradford Assocs., 772 A.2d at 489.
Additionally, a contested case involves a proceeding in which the legal rights "of a specific party are required by law to be determined by an agency." G.L. § 42-35-1(c) (emphasis added.) Those conditions are not present in the instant case. The hearing prior to the adoption of the emergency surcharge program was held to receive the comments of members of the ferry industry who would be affected by these regulations. Although these comments included evidence from individual ferry companies about how the regulations would impact their specific financial outlook, the Division neither endeavored at any time nor was it required by law to determine the specific rights of the appellants in light of the proposed program. The Legislature charged the Division with the task of enacting a program that would affect the industry as a whole; the purpose of the hearing prior to adoption was not to evaluate the regulations' impact on the appellants specifically, but to allow any interested parties the opportunity to present evidence in an effort to tailor those rules to their benefit.
Furthermore, once the Division adopted the regulations, other administrative remedies were available to address the appellants' issues before appellants were entitled to judicial review. See BradfordAssocs., 772 A.2d at 489 ("agency decisions are not reviewable by the Superior Court unless the suit is initiated by a person" who has exhausted all administrative remedies.) Pursuant to § 42-35-3(a)(2), when a party is opposed to an agency regulation, that party is accorded a right of inquiry to the agency. If requested either prior to or within thirty days of adoption by a party, the agency "shall issue a concise statement of the principal reasons for and against its adoption, incorporating therein its reasons for overruling the considerations urged against its adoption." G.L. § 42-35-3(a)(2). The appellants did not make an inquiry about the specifics of the regulations to the Division, which may have addressed some of the appellants' concerns as to the program's practical application, obviating the need for judicial intervention.
If the appellants had requested and considered the Division's statement and were not satisfied, they could have then requested a declaratory ruling by the Division "as to the applicability of any statutory provision or of any rule or order of the agency." G.L. § 42-35-8. "The statute permits an individual to petition an agency and ask for a declaratory ruling as to the applicability of the agency's rule to the petitioner's particular circumstances." Ambeault v. Burrillville RacingAssoc., 118 R.I. 310, 315, 373 A.2d 807, 809 (1977) (administrative relief from "a rule which has been promulgated by the commission pursuant to the rulemaking power conferred upon it . . . is to be found in the Administrative Procedures Act, specifically § 42-35-8.") After the Division's declaratory ruling disposed of that petition, the appellants could have sought judicial review by this Court under § 45-35-15 because "[r]ulings disposing of petitions have the same status as agency orders in contested cases." G.L. § 42-35-8.
Alternatively, and as the Division noted in its memoranda, the appellants could have brought a declaratory judgment action in this Court pursuant to § 42-35-7 to challenge the validity of the adoption of the regulations. Under that section, the party in opposition bears the burden of proving that "the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the[ir] legal rights or privileges." G.L. § 42-35-7. That section does not indicate that the burden at any time shifts to the rulemaking authority to justify the validity of their proposed regulation. However, the appellants did not request a declaratory ruling from the Division or a declaratory judgment from this Court regarding the applicability of the emergency surcharge program. Therefore, their prayer for relief to this Court under § 42-35-15 is improper because the controversy is not rooted in a final order in a contested case in which available administrative remedies were exhausted prior to appeal.
After reviewing the evidence and memoranda submitted by the parties, this Court dismisses for lack of subject matter jurisdiction the appellants' appeal of the Division's emergency surcharge program under G.L. § 42-35-15 of the APA for judicial review of a contested case.
Counsel shall submit an order and judgment consistent herewith.
[1] See Hartford v. Powers, 183 Conn. 76, 82 (1981); CommunicationWorkers of America, Local 2336 v. Dist. of Columbia Taxicab Comm'n, Panelon Rates and Rules, 542 A.2d 1221, 1225 (App. D.C. 1988) (In the case of rulemaking in an emergency rate increase, the Panel acted "as a legislative body in `making policy decisions directed toward the general public'" by consulting outside sources to evaluate proposals and holding a public hearing to elicit testimony from concerned parties. "The hearing did not purport to determine the rights of specific parties, but rather was conducted `for the purpose of obtaining facts and information, and views of the public pertinent to the resolution of a policy decision.'"(Internal citations omitted.); Richardson v. Dist. of ColumbiaRedevelopment Land Agency, 453 A.2d 118, 128 (App. D.C. 1982) (Newman, J., dissenting) (finding that agency action was not rulemaking because despite the potential for an ultimate public impact, the action directly impacted specific individuals' exclusive rights, and thus, was "not generalized enough to be characterized as rulemaking.")