THEODORE P. SCHMIDT *vs.* THE O. K. BAKING COMPANY (THEODORE P. SCHMIDT'S APPEAL FROM COMPENSATION COMMISSIONER).

First Judicial District, Hartford, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The relation between employer and employee under the Workmen's Compensation Act is contractual in its nature, and therefore the substantive rights and obligations of the parties are fixed and determined by the statute which is in force during the term of the employment and at the time of the employee's injury, rather than by a subsequent Act which does not take effect until after the institution of the proceedings to enforce compensation.

The Compensation Act of 1913, § 21, requiring notice of injury to be

Schmidt *v*. O. K. Baking Co.

given to an employer ignorant thereof, by or on behalf of the injured employee, made that requirement one of the essential elements of the employee's claim for compensation,—in other words, a matter of substantive right and not merely one of remedy or procedure.

Section 21 of the Workmen's Compensation Act of 1913 (amended by the Public Acts of 1915, chapter 288, §§ 3 and 13) provided that no proceedings for compensation should be maintained unless a written notice of the injury had been given to the employer within thirty days of its occurrence . . .; but that "no want," defect or inaccuracy of such notice should bar such proceedings unless the employer should show that he was ignorant of the injury and was prejudiced "by want, defect, or inaccuracy of the notice," in which event he was to be allowed a sum proportioned to the extent of such prejudice.   *Held:*—

1. That "want" of notice, as thus used, meant lack or absence of any notice, and not mere deficiency or imperfection in a notice actually given; and therefore the failure to give the employer any notice at all within thirty days did not preclude the injured employee from prosecuting his claim.

2. That under such circumstances it was open to the employer to show his ignorance of the injury and any prejudice which he had suffered through lack of notice; and that in so doing he assumed the burden of furnishing a basis for estimating the sum which should be allowed to him under the terms of the statute.

Argued January 11th—decided March 15th, 1916.

APPEAL by the claimant from the refusal of the Compensation Commissioner of the first district to award him compensation for injuries to him arising out of and in the course of his employment by the respondent, taken to and tried by the Superior Court in Hartford County (*Tuttle, J.*), which found that the commissioner had committed no error in the application of the legal principles pertinent to the cause, and dismissed the appeal, from which the claimant appealed.   *Error and cause remanded.*

The finding and award of the compensation commissioner under review shows that on September 15th, 1914, the claimant, while employed by the respondent Baking Company, received personal injuries arising

out of and in the course of such employment, which were not caused by his wilful or serious misconduct or intoxication. These injuries were sustained while he and his brother were lifting a heavy barrel of jelly in the basement of respondent's establishment, the floor of which was, at the time, slippery. For some reason his brother lost his hold of the barrel, whereupon its whole weight was thrown suddenly upon the claimant while in a stooping posture. He has been disabled ever since. His present disability consists of a partial paralysis of the lower part of the body, and the prospect for his complete recovery is extremely unfavorable. This disability was caused by hemorrhage in the lumbar region of the spine, due to the injuries received. Beginning about five days after the injuries, he has been constantly under medical treatment. Written notice of the injuries was not given to the respondent, who had no previous knowledge of them, until April 7th, 1915. Notice of claim, in the form provided by the compensation commissioner, was served upon the respondent April 13th, 1915.

*Francis W. Cole* and *Thomas Hewes,* for the appellant (claimant).

*Warren B. Johnson,* for the appellee (respondent).

PRENTICE, C. J.   No question was, or is, made as to the claimant's right to compensation, save such as arises from his delay in giving notice to his employer of his injuries, and it was for reasons growing out of that delay that his claim was disallowed by the compensation commissioner and the appeal from such disallowance dismissed by the Superior Court.

Preliminary to passing upon the question thus presented, as to the consequences attached to the delay in

the giving of notice to the employer, it becomes neces-
sary to determine whether the provisions of § 21 of
chapter 138 of the Public Acts of 1913, p. 1743, or those
of §§ 3 and 13 of chapter 288 of the Public Acts of 1915,
pp. 2117, 2122, which did not go into effect until
May 20th, 1915, both dealing with that subject, but in
a somewhat different manner, are controlling. In the
claimant's behalf, it is contended that the provisions
of the earlier Act, which the court below interpreted
and applied, relate to procedure and remedy, and
therefore were superseded by those of the later Act,
in force when the hearing before the commissioner was
had. On behalf of the respondent, it is insisted that
they concern substantive rights.

The latter contention is the correct one. The re-
lation between the parties was contractual; their rights
and obligations arose from that relation, and the terms
and conditions of it were defined by the statute in force
which formed a part of the contract of employment.
*Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 147, 93 Atl. 245;
*Sibley* v. *The State*, 89 Conn. 682, 686, 96 Atl. 161. By
these terms and conditions, as prescribed by the Act of
1913, the liability of an employer, in case of injury to
the employee, was not fixed by the simple fact of injury
to the employee arising out of and in the course of his
employment. The element of notice of injury to the
employer, if he be ignorant of it, entered into the very
essence of the injured party's claim and the extent of it.
The time when the notice should be given was made a
factor to be considered in determining what the claim
should be which he was entitled to enforce in the manner
prescribed by statute.

The Act of 1913 was in force when this claimant's
injuries were received, when the thirty days provided by
it for notice thereof to be given to his employer had run,
when notice was in fact given to his employer, and when

the attempt to enforce his claim was begun. Whatever right of compensation he might have had thus became fixed, and the extent of it determined, or, rather, the elements to be considered in its determination became fixed. Whatever inchoate right, arising from his injuries, he may have lost by noncompliance with the conditions precedent to a definite and enforceable claim, was then lost. Whatever that loss was, it could not be restored to him by subsequent legislation. Any attempt to do so would be to deprive his employer of a right vested in it under its contract.

Turning to § 21 of the Act of 1913, we find that its opening sentence reads as follows: "No proceedings for compensation under this act shall be maintained unless a written notice of the injury shall have been given to the employer by the injured employee or in his behalf within thirty days of the happening thereof, and during the continuance of the incapacity on account of which compensation is claimed, nor unless claim for compensation is made within one year from the date of injury." Then follow provisions as to the character of the notice and the manner of giving it. The section, omitting its final sentence, which relates to another matter, then concludes as follows: "but no want, defect, or inaccuracy of such notice and claim shall be a bar to the maintenance of proceedings unless the employer shall show that he was ignorant of the injury and was prejudiced by want, defect, or inaccuracy of notice. Upon satisfactory showing of such ignorance and prejudice, the employer shall receive allowance to the extent of such prejudice."

The respondent's contention is that two situations are thus dealt with, to wit: in the first portion of the section cases in which no notice, sufficient or defective, is given within the thirty days, and in the closing part, those in which some notice, but a defective or inaccu-

rate one, is given, with the result that in the first class of cases, within which the present claimant's falls, no recovery can be had, while in the latter class a conditional or limited recovery, according to the circumstances, is permitted.

This contention encounters an obstacle which has to be overcome in the use of the word "want" in connection with "defect" and "inaccuracy" in the second part of the sentence, where it is provided that no want of notice shall be a bar, etc. "Want of" naturally implies lack or absence of. If used here in that sense the respondent's contention must fail. To avoid that result, counsel for the respondent concur with the trial court in interpreting the word as synonymous with "deficiency." If the preposition "in" had been used in connection with "want," more plausibility would be lent to the claimed construction, but "of" is the preposition used in the Act, and to construe "want of" as synonymous with "deficiency in" is to force the words a long way out of their ordinary meaning.

Moreover, such a construction would make the word "want" merely repetitious and surplusage, when used, as here, with "defect" and "inaccuracy." We should be led to expect that some distinctive meaning, other than that conveyed by its associated words, was intended. Again, this construction, which would make the prohibition of proceedings to secure compensation, in cases where the thirty days' notice was not given, absolute and unyielding, would lead to a harsh and rigid rule which might easily work injustice. It is hard to believe that the General Assembly intended to cut off claimants, whatever the circumstances of their cases might be, quite so inexorably and by so short a limitation of time for the giving of notice.

Still again, the workmen's compensation statutes in other jurisdictions, with which the framers of ours were

doubtless familiar, notably those of Great Britain and Massachusetts, use the words "want of," in connection with the giving of notice of injury, as signifying lack of, or absence of, notice.   British Act, § 2, subsection 1 a; Massachusetts Act, Part 2, § 18.   The same is true of the Michigan Act, Part 2, § 18.   What is particularly significant is that in the British Act, which was undoubtedly carefully studied in the preparation of our own, and from which so many forms of expression touching the subject of notice were apparently taken, the provision for cases where the prescribed notice was not given, corresponding to the latter portion of our § 21, was couched in the form of a proviso qualifying a general prohibitory provision, previously stated, quite similar to the opening sentence of our § 21, and that the proviso clearly uses the words "want of" in the sense of lack of.   It was the unmistakable policy of that Act that failure to give the required notice should not create an absolute bar to recovery, and that policy was expressed by the use, first, of general words prohibitive of recovery where the prescribed notice was not given, and, later, of other language qualifying that prohibition.

There can be little question that by § 21 of our Act, its framers intended to adopt the same general policy, and employed the same general verbal means to accomplish that result.   The choice of language expressive of the proviso is not the same, and its limits and scope are less clearly defined by reason of its division into two separated sentences, but the end sought is too manifest to be mistaken, when the section is read and interpreted as a whole and with due regard to all of its parts.   When so studied, its form of construction becomes apparent and its meaning clear.   The last part of it, beginning with the words "but no want" and continuing through to the end of the section, omitting the last irrelevant sentence, forms, as does that part of the

British Act covering the same general field, a proviso qualifying and limiting the general language of the earlier portion of the section, so that, while by the first part proceedings for compensation, where the thirty days' notice is not given, are in terms forbidden, that sweeping prohibition is cut down by the later language creating exceptions to its operation. In this way the entire section is made a harmonious whole, and none of the language 'used has to be wrenched from its natural and ordinary meaning to make it thus harmonious.

It follows that this claimant is not forbidden to prosecute his claim by reason of his failure to give written notice of injury until more than thirty days had elapsed after its receipt. That failure simply brings him under the latter part of § 21, where the situation in which he finds himself is dealt with. It is apparent that the regulations formulated for his situation include all that part of the section following the words "but no want," save, of course, the last sentence. Although that portion is broken up into two separate parts by a period, it clearly all belongs in the proviso, and has to do with the recovery of compensation as authorized by it. The proviso does not end with the direction that the want, defect, or inaccuracy of notice shall be no bar unless the employer shall show ignorance of the injury and prejudice arising from want, defect, or inaccuracy of notice, thus enabling the employer to escape liability in such case by proof of ignorance and prejudice. The following sentence is to be read with it as showing what the consequences shall be where such ignorance and prejudice are shown. They do not raise a bar to recovery. They simply require a reasonable allowance commensurate with the prejudice; and the burden of furnishing a basis for estimating that allowance is by the Act cast upon the employer.

The compensation commissioner disallowed the claimant's claim on the authority of a ruling in the Superior Court as he interpreted and understood it, by reason of the employer's ignorance and prejudice on account of the delay in the giving of notice of injury, although no direct evidence of prejudice, or of its extent, was presented. If the bare facts before him furnished a basis for a reasonable conclusion of prejudice by reason of the delay, they certainly did not furnish one for a reasonable, much less necessary, inference that the extent o. that prejudice was such as to wipe out all claim for compensation and bar recovery. Here was the commissioner's mistake. He understood the authority, upon which he relied, to compel an inference of total prejudice, and did not weigh and consider the situation and facts before him to determine for himself what, in view of them, was the extent of the prejudice to the employer, and the allowance to be made therefor, and what compensation, if any, ought, under the circumstances shown, to be awarded to the claimant. The Superior Court dismissed the appeal for another reason, to.wit: that the prosecution of the claim was barred by the claimant's failure to give notice of injury within thirty days. This also was erroneous. The claimant was not thereby, as we have seen, deprived of the right to prosecute his claim or recover compensation.

There is error, the judgment is set aside and the cause remanded to the Superior Court for the rendition of judgment setting aside the compensation commissioner's order of disallowance and recommitting the matter to him for further hearing, finding and award by him upon the plaintiff's claim.

In this opinion the other judges concurred.