VIRGINIA IACOMACCI *v.* TOWN OF TRUMBULL ET AL.
(13365)

HEALEY, SHEA, GLASS, COVELLO and HULL, Js.

Argued October 7—decision released November 22, 1988

---

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellant (plaintiff).

*Carl J. Schuman,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant Francisco Borges).[1]

COVELLO, J. This is an appeal from a decision of the compensation review division affirming the workers' compensation commissioner's (commissioner) finding and award of dependent's benefits to the plaintiff, Virginia Iacomacci, pursuant to General Statutes § 31-306 of the Workers' Compensation Act (act). The award as affirmed was made subject to a "waiting period" as required by § 31-306 (i), which had been repealed at the time of the award to the plaintiff.[2]

The legislature repealed § 31-306 effective October 1, 1978. The sole issue on this appeal is whether the elimination of the waiting period by the legislature was intended to benefit dependents of those persons injured before, as well as after, the effective date of repeal. Both the statute and its legislative history are silent on this question. We conclude that the General Assem-

---

[1] The original appellees were the claimant's employer, the town of Trumbull, its insurer, the Sentry Insurance Company, and Francisco Borges, the state treasurer and custodian of the state second injury and compensation assurance fund. The employer and the fund settled their respective obligations and the fund assumed primary responsibility for the defense of this appeal.

[2] General Statutes (Rev. to 1972) § 31-306 (i) provides in part: "If death occurs later than two years from the date of injury . . . the period for which compensation shall be due hereunder shall be reduced by the period for which compensation payments have been made to the deceased employee . . . ."

bly intended that the revised legislation eliminating the waiting period applied only to the dependents of those injured after the effective date of the act and not to dependents of those injured previously. Accordingly, we find no error.

The operative facts are not in dispute. On February 19, 1974, the plaintiff's husband, Ermen Iacomacci, suffered a heart attack as the result of a compensable injury. He received compensation benefits for this disability until December 30, 1981, when he died of cardiac dysrhythmia. The commissioner concluded that the 1974 heart attack was the cause of the decedent's death and, accordingly, awarded the claimant compensation.[3] Pursuant to § 31-306 (i), as it existed on the date of the decedent's injury, the compensation review division affirmed the commissioner's ruling that the compensation would not commence until November 7, 1989. This waiting period of seven years, ten months and nine days from the date of the decedent's death, was the length of time that benefits had been paid to the decedent while he was alive.

The plaintiff argues that the legislature intended that the elimination of the waiting period was to apply to all future surviving dependents without regard to the date of the injury which brought them within the scope of the Workers' Compensation Act. We do not agree.

When the General Assembly enacted Public Acts 1978, No. 78-369, and repealed the previously required "waiting period,"[4] it did so with the presumptive knowl-

---

[3] General Statutes (Rev. to 1972) § 31-306 provides in part: "Compensation shall be paid on account of death resulting from an accident arising out of and in the course of employment."

[4] We note that the repealed statute did not specifically provide for a waiting period but rather a reduction in benefits. This reduction could be accomplished by bonding or otherwise securing the return of benefits at the time the benefits terminated, i.e., the death or remarriage of the surviving spouse. There is nothing in the record, however, that suggests that the commis-

edge of our earlier rulings concerning the implementation of new workers' compensation legislation. We presume "that the legislature [was] mindful of judicial construction relevant to . . . legislation it enact[ed]." *Murach* v. *Planning & Zoning Commission,* 196 Conn. 192, 200 n.14, 491 A.2d 1058 (1985); *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 395 n.7, 446 A.2d 1059 (1982). " 'In the interpretation of a statute, a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language.' *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 667, 103 A.2d 535 (1954) . . . ." *State* v. *Ellis,* 197 Conn. 436, 459, 497 A.2d 974 (1985).

By the time Public Acts 1978, No. 78-369, was enacted, we had made clear through earlier decisions our view that new workers' compensation legislation affecting rights and obligations as between the parties, and not specifying otherwise, applied only to those persons who received injuries after the legislation became effective, and not to those injured previously. This date of injury rule was first referred to in 1916, in *Schmidt* v. *O.K. Baking Co.,* 90 Conn. 217, 220–21, 96 A. 963 (1916). In 1921, we stated that "[t]he obligations of the employer to dependents of an employee in case of the death of an injured employee are . . . fixed and determined by the statute in force *at the time of injury."* (Emphasis added.) *Quilty* v. *Connecticut Co.,* 96 Conn. 124, 127, 113 A. 149 (1921).

In the fifty-seven years that followed we continued to use the date of injury rule in determining the rights and obligations as between the parties following revi-

sioner or the compensation review division was ever asked to rule on such a proposal or in fact did so. We therefore " 'dispose of the case on the theory on which it was tried and on which [the commissioner and the compensation review division] decided it.' *Machiz* v. *Homer Harmon, Inc.,* 146 Conn. 523, 525, 152 A.2d 629 (1959)." *Beckenstein* v. *Potter & Carrier, Inc.,* 191 Conn. 120, 132, 464 A.2d 6 (1983).

sions to the Workers' Compensation Act. See *Rossi* v. *Jackson Co.,* 120 Conn. 456, 460, 181 A. 539 (1935); *Farmer* v. *Bieber-Goodman Corporation,* 118 Conn. 299, 301, 172 A. 95 (1934); *Panico* v. *Sperry Engineering Co.,* 113 Conn. 707, 709, 156 A. 802 (1931); *Preveslin* v. *Derby & Ansonia Developing Co.,* 112 Conn. 129, 142, 151 A. 518 (1930). As recently as 1975, we acknowledged the continued existence of the rule although finding it inapplicable to changes in the appellate procedures which we concluded did not affect rights and obligations as between the parties. See *Chieppo* v. *Robert E. McMichael, Inc.,* 169 Conn. 646, 649–50, 363 A.2d 1085 (1975).

There is nothing in the language or history of Public Acts 1978, No. 78-369, that overcomes the presumption that the General Assembly was fully aware of the date of injury rule; *Murach* v. *Planning & Zoning Commission,* supra; or causes us to depart from " '[t]he normal rule of statutory construction [that if the legislature] intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific. . . .' " *Kelly* v. *Robinson,* 479 U.S. 36, 47, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986). The presumption that the legislature was aware of these tenets is further supported by its passage of two workers' compensation revisions that specifically stated that new benefits were to accrue to previously injured workers. A 1969 public act made cost-of-living adjustments to compensation benefits for total incapacity *"as a result of an injury sustained prior to October 1, 1969."* (Emphasis added.) Public Acts 1969, No. 696, § 5. Further, a 1977 enactment made the second injury fund responsible for cost-of-living adjustments to death benefits "as a *result of death arising out of a compensable injury occurring on or before September 30, 1977."* (Emphasis added.) Public Acts 1977, No. 77-554, § 1. Thus, the legislature's failure to specify in Public Acts

1978, No. 78-369, that the elimination of the waiting period was to apply to the dependents of all previously injured workers, thereby departing from the date of injury rule, stands out in distinct contrast to the position it had taken only one year earlier in the same statute. We conclude, therefore, that the legislature intended that the applicability of the 1978 revisions was to be controlled by the traditional date of injury rule, thereby requiring that claims arising out of injuries occurring prior to October 1, 1978, would be subject to the previously specified reduction in benefits.

The plaintiff further argues that the compensation review division impermissibly determined: that Public Acts 1978, No. 78-369, was unconstitutional; that the appellee has no standing to challenge the constitutionality of the act; that the appellee has not, in any event, properly preserved such an issue for our review; and finally, that in the event we should review its constitutionality, the act is, in fact, constitutional. Our examination of the record discloses no constitutional issue raised or decided concerning Public Acts 1978, No. 78-369. A single reference in the memorandum of decision is made to the state and federal constitutions in a quotation from our earlier decision in *Preveslin* v. *Derby & Ansonia Developing Co.*, supra, concerning a 1927 amendment to the Workers' Compensation Act in which we indicated that there might be constitutional implications in a retrospective application of workers' compensation revisions.[5] This single reference does not

---

[5] The passage from *Preveslin* v. *Derby & Ansonia Developing Co.*, 112 Conn. 129, 141, 151 A. 518 (1930), quoted by the compensation review division was as follows: "The compensation under the Act of 1919 was substantially less than that under the Act of 1927, the later one being to the pecuniary disadvantage of the defendant. The validation of the Act of 1927 if effectual would thus increase the amount the defendant would be required to pay over that required by the Act of 1919. The defendant's right of defense, which affected its substantial interests, became fixed in present enjoyment and available to the defendant under the statute in effect at the

persuade us that a constitutional issue was raised or decided. Further, since the matter can be resolved on other than constitutional grounds we need not address the same at this juncture. *State* v. *Williams,* 200 Conn. 310, 322, 511 A.2d 1000 (1986); *Hartford* v. *Powers,* 183 Conn. 76, 84–85, 438 A.2d 824 (1981).

There is no error.

In this opinion the other justices concurred.

time of the injury and definitely ascertained upon the determination of the *McCook* case. [*State* v. *McCook,* 109 Conn. 621, 147 A. 126 (1929)]. It was a property right which vested in the defendant and for whose protection against legislative invasion in the form of a validating act or otherwise it could rely on Article First of our State Constitution and upon the Fourteenth Amendment of the Federal Constitution."