[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, David A. J. Kohn, who was acting local fire marshal for the defendant, Town of Wilton, seeks a declaratory judgment that he is entitled to the position of fire marshal in that town.
The case is before this court on remand by the Appellate CT Page 13682 Court. See Kohn v. Wilton, 42 Conn. App. 13, 677 A.2d 985 (1986). The Appellate Court held that, in the original action, the plaintiff did not fulfill the requirements of Practice Book § 390 (d) before instituting his law suit. Id. Practice Book § 390 (d) requires that notice be provided to "all persons having an interest in the subject matter of the complaint."
After remand, the plaintiff sent notice of the pendency of this suit to all persons who were serving in an "acting" municipal or state governmental position. The defendants do not contest the adequacy of the notice and the court finds that the plaintiff has now complied with Practice Book § 390 (d). This court is now afforded proper subject matter jurisdiction over the merits of the case. This court also finds that no person or entity sought to be joined as a party to this action as a result of the notice sent by the plaintiff.
The trial court, following a remand of this sort, "after giving the parties the opportunity to be heard, will be free either (1) to reissue the decision and rerender its original judgment, or (2) proceed to hear the case anew if it entertains doubt about the original judgment." Mannweiler v. LaFlamme,232 Conn. 27, 36 n. 11, 653 A.2d 168 (1995).
The plaintiff argues that, following this court's December 1994 decision, he was afforded due process rights by the passage of Public Act 95-13. Specifically, the plaintiff argues that "the Legislature clearly intended to confer [through Public Act 95-13] due process rights upon acting local fire marshals who held their position over 180 days." Therefore, the plaintiff reasons that since he was the acting fire marshal in Wilton for over a year before someone else was appointed as fire marshal he should be afforded the due process rights contained in General Statutes § 29-297 (a) which provides that a local fire marshal may not be removed from office except for "cause."
Public Act 95-13 amended General Statutes § 29-297. General Statutes § 29-297 originally provided that a municipality "shall appoint a local fire marshal and such deputy fire marshals as may be necessary." Public Act 95-13 added subsection (b) to this statute. General Statutes § 29-297 (b) provides that in the event the position of local fire marshal becomes vacant and there is no "existing deputy fire marshal," a municipality may "appoint a certified deputy fire marshal as the acting fire marshal for a period not to exceed one hundred eighty days." CT Page 13683
The legislative history of Public Act 95-13 indicates that it was enacted to give municipalities the explicit right to appoint acting fire marshals to serve for a certain period. Senator Scarpetti stated as follows: "Madam President, current statute does not permit the appointment of interim fire marshals by a municipality when the appointed marshal is unable to carry out the duties of the office. That leaves the municipality without the ability to have an acting marshal in the office while searching for a replacement. Passage of this bill will allow a municipality to appoint an interim fire marshal for a period not to exceed 180 days." 38 S. Proc., Pt. 3, 1995 Sess., p 73.
The Public Act relied upon by the plaintiff in the present case does not provide that the rights to notice, a hearing, and removal only for cause, apply to acting or interim fire marshals The legislative history indicates that the sole purpose of the amendment was to grant a municipality the right to appoint an acting fire marshal.
Secondly, as argued by the defendants in their memorandum of law, this act is not retroactive. Rather, Public Act 95-13 is a substantive change in the law giving a municipality a new right to appoint acting or interim fire marshals to serve for a limited period. Therefore, Public Act 95-13 applies prospectively only. See Coley v. Camden Associates. Inc., 243 Conn. 311, 316,___ A.2d ___ (1997) (there is "a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only.").
The proper course to take in the present case is to "reissue the decision and rerender the original judgment." Mannweiler v.LaFlamme, supra, 232 Conn. 36 n 11. Thus, the original decision of December 15, 1994 is reissued and included as Appendix A. Appendix A is made a part hereof. The judgment of December 15, 1994, declaring that the plaintiff could not avail himself of the rights possessed by a fire marshal and that judgment should therefore enter in favor of the defendants is reissued. Costs are to be taxed by the clerk of the court.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of December, 1997. CT Page 13684
William B. Lewis, Judge