[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS #130
On January 15, 1998, the plaintiff filed a fourth amended complaint consisting of eight counts, four counts against Housatonic Adolescent Hospital and four counts against the Commissioner of the Department of Children and Youth Services. Counts one and five allege negligence. Counts two and six are statutory negligence counts based on a violation of the Mental Health Patients' Bill of Rights, specifically General Statutes §§ 17a-541 and 17a-542. Counts three and seven are statutory wanton neglect counts based on a violation of §§ 17a-541 and17a-542. Counts four and eight are statutory willful and wanton counts based on a violation of §§ 17a-541 and 17a-542.
Previously, on October 3, 1990, the plaintiff filed a Notice of Claim with the Office of Claims Commissioner requesting permission to sue the State of Connecticut for the negligent care and treatment of the plaintiff's decedent and the violation of Mental Health Patients' Bill of Rights, General Statutes § 17-206c (now General Statutes § 17a-542). On May 30, 1997, the Claims Commissioner denied the plaintiff's claim on the basis that the Claims Commissioner had no jurisdiction over the plaintiff's claim pursuant to General Statutes § 4-142(2). The Claims Commissioner held that the claim that the plaintiff filed was one upon which suit is otherwise authorized by law pursuant to the Mental Health Patients' Bill of Rights. The Claims Commissioner, however, apparently did not address the medical malpractice causes of action.
On January 28, 1998, the defendants filed a motion to dismiss CT Page 10659 counts one, two, five and six of the plaintiff's fourth amended complaint on the ground that the court lacks subject matter jurisdiction over these counts based on the doctrine of sovereign immunity. The defendants also filed a memorandum in support of their motion. On February 25, 1998, the plaintiff filed an objection to the motion to dismiss. At oral argument on April 20, 1998, the second and sixth counts of the fourth amended complaint were withdrawn by the plaintiff. The plaintiff also filed a supplemental memorandum, dated June 1, 1998, in support of the objection to the motion to dismiss. At oral argument on April 20, 1998, the second and sixth counts of the fourth amended complaint were withdrawn by the plaintiff.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 143, now Practice Book (1998 Rev.) § 10-31(a). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145, now Practice Book (1998 Rev.) § 10-33. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
The doctrine of sovereign immunity is a "well settled principle, that the sovereign [the state] is immune from suit unless the state, by appropriate legislation, consents to be sued." Federal Deposit Ins. Co. v. Peabody, N.E., Inc., supra,239 Conn. 101. The state may waive its sovereign immunity through a statutory waiver; White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990); or through the claims commissioner, General Statutes § 4-141, et seq.[1] Cooper v. Delta Chi Housing Corp. ofConnecticut, 41 Conn. App. 61, 64, 674 A.2d 858 (1996). CT Page 10660
The defendant argues that because there has been no waiver of sovereign immunity with respect to the medical malpractice claims, either by statute or through the Claims Commissioner, the first and fifth counts must be dismissed. The plaintiff counters that all her claims are properly before the court because on May 30, 1997, the office of the Claims Commissioner held that the notice of claim was one upon which suit is otherwise authorized by law and is excluded under General Statutes § 4-142(2). The plaintiff insists that the Claims Commissioner did not hold that the medical malpractice claims, either common law or statutory, had been extinguished. The plaintiff further argues that §4-142, as amended, has no retroactive application. Therefore, the plaintiff asserts that the medical malpractice causes of action should not be extinguished.
The plaintiff insists that the present amended complaint alleges medical malpractice causes of action which are virtually identical to those dismissed by the Claims Commissioner on May 30, 1997. Neither party has submitted the decision of the Claims Commissioner. It appears that the decision did not mention the allegations regarding the negligent care and treatment of the plaintiff's decedent. Both parties assert in their memoranda that the Claims Commissioner dismissed the plaintiff's claims because suit was otherwise authorized by law.
According to General Statutes § 4-142(2), the Claims Commissioner shall hear and determine all claims against the state except claims "upon which suit otherwise is authorized by law." Thus, if a claim is otherwise authorized by law, a plaintiff may sue the sovereign without approval from the Claims Commissioner. An allegation of a violation of the Mental Health Patient's Bill of Rights is otherwise authorized by § 17a-550.[2]
Apparently, the Claims Commissioner did not, however, authorize the plaintiff to file the medical malpractice causes of action in the Superior Court.
Public Acts 1996, No. 96-85 amended General Statutes §4-142, expanding the scope of the claims excepted from the jurisdiction of the Claims Commissioner. As amended, the exclusion provision in § 4-142 encompasses "(2) claims upon which suit otherwise is authorized by law including suits torecover similar relief arising from the same set of facts." (Emphasis added.) If this amendment were applicable to the plaintiff's 1990 notice of claim, then the medical malpractice claims brought in that claim might have been properly brought in CT Page 10661 the superior court.[3] The plaintiff, however, does not argue that the amendment applies. Rather, she insists that P.A. 96-85 is not retroactive. Thus, the plaintiff has put forth no basis for waiver of the defendant's sovereign immunity.
In her second supplemental memorandum, the plaintiff argues that Public Acts 1998, No. 98-76[4] permits the direct filing of all medical malpractice negligence claims against the State in Superior Court. (Plaintiff's Supplemental Memorandum, dated 22, 1998, p. 1.) Public Act 1998, however, was not in effect either at the time the plaintiff filed her claim with the Claims Commissioner in 1990 or at the time this action was filed in the Superior Court in 1994. Public Act § 98-76 does not state that the amendment will have retroactive application. Whether to apply a statute retroactively or prospectively depends upon the intent of the legislature in enacting the statute. State v.Magnano, 204 Conn. 259, 284, 528 A.2d 760 (1987). "In order to determine the legislative intent, we utilize well established rules of statutory construction. Our point of departure is General Statutes § 55-3, which states: `No provisions of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect.' The `obligations' referred to in the statute are those of substantive law. . . Thus we have uniformly interpreted 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . ." (Citations omitted; internal quotation marks omitted.) Coley v.Camden Associates, Inc., 243 Conn. 311, 315, 702 A.2d 1180
(1997).[5] Whether a party can file a medical malpractice negligence claim against the state directly in Superior Court is a substantive right and therefore P.A. 98-76 applies only prospectively.
Because the plaintiff failed to obtain authorization from the Claims Commissioner to pursue medical malpractice claims, the defendants are deemed not to have waived their immunity. As a result, the court lacks subject matter jurisdiction over the first and fifth counts. Accordingly, defendants' motion to dismiss is granted.
STODOLINK, J.