[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #103
On August 2, 2002, the plaintiff, Vincent D'Eramo, filed a summons, an application for temporary injunction and order to show cause, and a verified complaint seeking a writ of mandamus ordering the defendant, James R. Smith, claims commissioner of the state of Connecticut, to authorize suit against the state.
The complaint originated from an injury to the plaintiff's wrist, which occurred on or around February 3, 1998. After the injury, but before he was able to have scheduled surgery on the wrist, the plaintiff was remanded to the custody of the state of Connecticut department of correction. The plaintiff alleges that the failure and delay by the department of correction to provide adequate medical care, despite being notified of his condition and need for treatment, has resulted in permanent damage to him. In January of 1999, the plaintiff filed with the claims commissioner a notice of claim alleging medical malpractice against the state. In December of 2001, the plaintiff submitted to the claims commissioner a certificate of good faith in accordance with General Statutes § 52-190a.
The complaint in the present case seeks a writ of mandamus ordering the claims commissioner to authorize suit against the state. The plaintiff maintains that subsection (b) of General Statutes § 4-160, as amended by Number 98-76 of the 1998 Public Acts, requires the claims commissioner to immediately authorize a medical malpractice claim against the state that is accompanied by a good faith certificate. The plaintiff maintains that in light of this statutory mandate, it is improper for the claims commissioner to delay authorization of suit and investigate the merits of the medical malpractice claim.
On September 9, 2002, the defendant filed a motion to dismiss the plaintiff's application for a writ of mandamus, claiming that the court lacks subject matter jurisdiction over the complaint because the claims CT Page 3232 commissioner is immune from suit in the proper exercise of his adjudicative powers. The defendant further argues that Public Act 98-76, effective October 1, 1998, was a substantive change to General Statutes § 4-160 and, therefore, should be applied prospectively only, not retroactively. The defendant maintains that because the injury to the plaintiff occurred prior to the effective date of the amendment, its provisions are not applicable to the plaintiff's claim. Therefore, the defendant argues, the claims commissioner is acting within his proper authority by investigating the merits of the claim before determining whether to authorize suit against the state.
On September 19, 2002, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss, claiming that the writ of mandamus is the proper method to address the claims commissioner's failure to act in accordance with General Statutes § 4-160 (b). The plaintiff argues that Public Act 98-76 did not result in a substantive change in the law and, therefore, as a procedural change, it should have retroactive effect. The plaintiff further argues that even if this change to the statute is determined to be substantive rather than procedural, the legislature intended that the amendment be given retroactive effect.
On October 1, 2002, the defendant filed an addendum to its memorandum of law in support of its motion to dismiss, arguing that Public Act 98-76
does not apply to the plaintiff's claim because of the date of injury, which was before the change to the statute took effect, and the prospective nature of the change to the statute.
Finally, on October 30, 2002, the plaintiff filed an addendum to his memorandum of law in opposition to the defendant's motion to dismiss, claiming that his right to legislative review of an unfavorable decision by the claims commissioner is not an adequate remedy at law given that the claims commissioner is required to authorize suit by virtue of §4-160 (b).
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citation omitted; internal quotation marks omitted.)Kizis v. Morse Diesel International, Inc., 260 Conn. 46, 51, 794 A.2d 498
(2002).
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party CT Page 3233 applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 391, 752 A.2d 503 (2000).
Number 98-76 of the 1998 Public Acts added to § 4-160 new subsection (b),[1] authorizing the submission of a certificate of good faith in medical malpractice claims against the state and requiring the claims commissioner to authorize suit against the state if such a certificate is filed. Prior to this change to the statute, the claims commissioner had discretion to investigate medical malpractice claims by conducting discovery and holding hearings on the validity of malpractice claims against state doctors. This court previously held that the language added by this amendment imposes a mandatory duty on the claims commissioner to authorize claims submitted with a good faith certificate. See Bloom v. Gershon, Superior Court, judicial district of Hartford, Docket No. CV 020814234 (February 10, 2003, Hennessey, J.). The question in the present case is whether the change in the statute is procedural and therefore should be applied retroactively from the date of enactment, or substantive and therefore should be applied prospectively only.[2] For the reasons that follow, this court finds that the change is substantive in nature and therefore should be applied prospectively only.
"Whether to apply a statute retroactively or prospectively depends upon the intent of the legislature in enacting the statute . . . In order to determine the legislative intent, we utilize well established rules of statutory construction. Our point of departure is General Statutes §55-3, which states: No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect. The obligations referred to in the statute are those of substantive law . . . Thus, we have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only." (Citation omitted; internal quotation marks omitted.) Coley v. Camden Associates, Inc., 243 Conn. 311,316, 702 A.2d 1180 (1997). "This presumption in favor of prospective applicability, however, may be rebutted when the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." (Internal quotation marks omitted.) Colonial Penn Ins.Co. v. Bryant, 245 Conn. 710, 719, 714 A.2d 1209 (1998). "By contrast, procedural statutes generally are applied retroactively absent a clear expression of legislative intent to the contrary." (Internal quotation marks omitted.) Coley v. Camden Associates, Inc., supra, 317.
It is apparent from the legislative history of Public Act 98-76 that CT Page 3234 the legislature intended to change the very substance of the statute from allowing the claims commissioner to conduct an investigation into the claim, which in some instances could take years, to requiring the claims commissioner to immediately authorize the claim when a good faith certificate is filed. In the judiciary committee hearing on the bill (SB 213), testimony was given by individuals and their attorneys of their experience in waiting for their claims to be authorized by the claims commissioner. In some cases, claimants were waiting up to three years without a hearing being scheduled. Frustration with the statute as it existed had to do with the claims commissioner's wide discretion in conducting discovery and otherwise looking into the merits of the claim. "There are no deadlines, no time lines at all on the conduct of the claims commission. The claims commission can take as long as is necessary to make a determination whether or not they will authorize a lawsuit against the State of Connecticut." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1, 1998 Sess., p. 144, remarks of Robert Reardon. Representative Lawlor summarized the purpose and intent of the proposed change to those present: "I think it's our obligation in the light of the reality of the sovereign immunity of the State and tribes and federal government, etc., that we have to make it as simple as possible to accomplish justice even when the sovereign is involved. So, I'm relatively optimistic this bill will be successful this year and hopefully that you won't and people like yourself in the future won't have to deal with this kind of thing." Comm. Joint Standing Committee Hearings, supra, p. 147. Thus, the amendment made a substantive change to the statute by requiring immediate authorization by the claims commissioner upon the filing of a good faith certificate. See Bloom v.Gershon, supra, Superior Court, Docket No. CV 02 0814234. This change cannot be interpreted as procedural legislation, for it changed the function of the claims commissioner when receiving such claims. See Coleyv. Camden Associates, Inc., supra, 243 Conn. 316. Furthermore, this court finds nothing in the legislative history that could be construed as a clear and unequivocal expression by the legislature of an intent that the legislation apply retroactively. See Colonial Penn Ins. Co. v. Bryant,supra, 245 Conn. 719. Accordingly, the amendment may be applied prospectively only.
In its addendum to its memorandum in support of the motion to dismiss, the defendant argues that Public Act 98-76 should apply only to claims alleging injuries that occurred on or after October 1, 1998, in a manner similar to the date of injury rule as applied in workers' compensation matters.[3] This court agrees. The actual injury to the plaintiff's wrist and the subsequent alleged medical malpractice occurred before the new legislation took effect on October 1, 1998. Accordingly, the substantive change to § 4-160 made by Public Act 98-76 does not apply CT Page 3235 to the plaintiff's claim. Section 4-160 (b) as amended may not be applied retroactively. As such, the claims commissioner is authorized to investigate the validity of the plaintiff's claim in the same manner that he would have prior to the enactment of the change in the statute. The plaintiff has no clear legal right to the relief requested in his application for writ of mandamus.
See Miles v. Foley, supra, 253 Conn. 391.
 CONCLUSION
For the reasons stated above, this court finds that Public Act 98-76 is a substantive change to § 4-160 and therefore does not apply to claims for injuries occurring before the effective date of the amendment. As such, the plaintiff's claim is properly before the claims commissioner. The defendant's motion to dismiss the plaintiff's complaint seeking a writ of mandamus is granted.
Hennessey, J.